UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

№ 05-CV-5018 (JFB) (KAM)
_____

DELPHINE PIERRE, AS MOTHER AND NATURAL GUARDIAN OF CHRISTOPHER SYLLA, AND COLLEEN GLASGOW, AS MOTHER AND NATURAL GUARDIAN OF ANDREW GLASGOW,

Plaintiffs,

VERSUS

THE CITY OF NEW YORK, POLICE OFFICER JOHN HACHADOORIAN, SERGEANT MICHAEL WHITE, AND POLICE OFFICERS JOHN AND JANE DOES #1-10,

Defendants.

_____

MEMORANDUM AND ORDER
April 9, 2008

_____

JOSEPH F. BIANCO, District Judge:

Plaintiffs move this Court, pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, to issue an order relieving them of their obligation to pay the Bill of Costs imposed by the Clerk of the Court in the amount of $2,724.40. For the reasons set forth below, the plaintiffs' motion to vacate the award of costs is denied, except for that portion of the motion relating to the issue of whether there was any extra charge for a second transcript photocopy, which the Court will decide upon receipt of additional documentation from defendants. With respect to that issue, the Court orders defendants to provide documentary evidence to the Court from the court reporting company by April 22, 2008, confirming that the invoice only reflects a charge for an original transcript and a single photocopy.

I. BACKGROUND

On October 27, 2005, plaintiffs Delphine Pierre, mother and natural guardian of Christopher Sylla, and Colleen Glasgow, mother and natural guardian of Andrew Glasgow (collectively, "plaintiffs") commenced the instant civil rights action against defendants the City of New York, New York Police Department ("NYPD") Officer John Hachadoorian, NYPD Sergeant Michael White, and NYPD Officers John and Jane Does #1-10 (collectively, "the City Defendants" or "defendants"). By

Memorandum and Order dated August 17, 2007 (the "August 17 Memorandum and Order"), the Court granted defendants' motion for summary judgment in its entirety.

On September 14, 2007, as the prevailing parties, defendants moved for costs against plaintiffs pursuant to Rule 54 of the Federal Rules of Civil Procedure. Specifically, defendants requested that the Court tax plaintiffs for costs associated with the depositions of Colleen Glasgow, Christopher Sylla, Showkat Hussein, Delphine Pierre, and Andrew Glasgow. (*See* invoices appended to defendant's motion for costs, dated September 14, 2007 (the "invoices").) According to the invoices, the requested costs included appearance fees for the court reporter and an "original + two transcripts" for each deposition. (*See, e.g.,* invoice for deposition of Colleen Glasgow.) The sum of the fees reflected in the invoices was $2,724.40. On September 25, 2007, following a telephone conference with counsel for all parties, the Clerk of Court entered a Bill of Costs against plaintiffs in that amount (the "Bill of Costs"). According to the Bill of Costs, the costs taxed consisted of the "[f]ees of the court reporter for all of any part of the transcript necessarily obtained for use in the case." (Bill of Costs at 1.)

By letter dated October 2, 2007 (the "October 2 Letter"), pursuant to Rule 54, plaintiffs moved the Court to review the Bill of Costs. Specifically, plaintiffs argue that they should not be taxed costs because they brought the instant action in good faith and plaintiffs have limited financial resources. (*See* Pls.' Motion at 1.) Plaintiffs further argue that, in the alternative, because the Court "relied exclusively on the deposition testimony of the police officer defendants and the complaining witness" in the August 17 Memorandum and Order, the Court should disallow costs for the depositions of Delphine Pierre, Colleen Glasgow, Christopher Sylla, and Andrew Glasgow ("plaintiffs' depositions"). (*See id.* at 2.) Finally, plaintiffs argue that, at a minimum, the Court should disallow costs for one of the two deposition transcript photocopies listed in the Bill of Costs. Defendants responded to plaintiffs' motion by letter dated October 3, 2007. Plaintiffs submitted a reply by letter dated October 4, 2007.

For the reasons set forth below, having fully considered plaintiffs' arguments and the various equitable factors that the Court may consider under the law, the Court concludes that an insufficient showing has been made by plaintiffs to vacate the Bill of Costs. Moreover, as to the objections to the types of costs sought, the Court further finds that taxation for costs of plaintiffs' depositions is appropriate under the circumstances. However, in order for the Court to rule on the disputed issue regarding the exact amount of costs for the photocopied transcripts, the Court requires additional information. Thus, the Court orders defendants to submit to the Court, by April 22, 2008, documentary evidence in support of defendants' claim, discussed *infra*, that plaintiffs were only charged for one transcript photocopy per deposition.[1]

---

[1] As a threshold matter, the Court rejects defendants' argument that the instant motion is procedurally barred because plaintiffs failed to comply with the procedures set forth in Local Rule 54.1. (Defs.' Opp. at 1-2.) This rule states that "[a] party objecting to any cost item shall serve objections in writing prior to or at the time for taxation." *See* Local Rule 54.1(b). Here, the Clerk of Court issued the Bill of Costs on September 25, 2007, and plaintiffs did not serve

2

## II. STANDARD OF REVIEW

A district court reviews *de novo* any appeal by the unsuccessful litigant of the Clerk of the Court's taxation of costs. *See Whitfield v. Scully*, 241 F.3d 264, 269 (2d Cir. 2001) ("A district court reviews the clerk's taxation of costs by exercising its own discretion to 'decide the cost question itself.'") (quoting *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 233 (1964)). Thus, "the decision of whether to award costs . . . 'is committed to the sound discretion of the district court.'" *Cosgrove v. Sears, Roebuck, & Co.*, 191 F.3d 98, 102 (2d Cir. 1999) (quoting *ARP Films, Inc. v. Marvel Entm't Group, Inc.*, 952 F.2d 643, 651 (2d Cir. 1991)); *see also Ne. Holdings, L.L.C. v. Town of Riverhead*, No. 04-CV-2262, 2007 U.S. Dist. LEXIS 56897, at *4 (E.D.N.Y. Aug. 1, 2007) ("Taxation of costs if [sic] left to the discretion of the Court, and may be overturned on appeal 'only in the event of an abuse of discretion.'") (quoting *In re Air Crash Disaster at John F. Kennedy Int'l Airport*, 687 F.2d 626, 629 (2d Cir. 1982)).

## III. DISCUSSION

### A. Cost Taxation

Rule 54 of the Federal Rules of Civil Procedure states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).[2] Given the language of Rule 54(d), "an award against the losing

---

their objections – in the form of the instant motion – until October 2, 2007. Although plaintiffs do not dispute that they failed to serve timely written objections pursuant to Local Rule 54, counsel for plaintiffs claims that the Clerk's Office told her that written objections were unnecessary in light of the scheduled telephone conference with the Clerk of Court. (Pls.' Reply at 1.) In any case, the Second Circuit has emphasized that district courts possess "inherent discretion to depart from the letter of the Local Rules" in cases where "the application of the letter of Local Rules to a particular case would cause an unjust result." *See Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1048-49 (2d Cir. 1991). Here, for the following reasons, the Court has exercised its discretion to disregard plaintiffs' failure to timely submit their objections. Both parties have expended time and resources in briefing the instant motion. Moreover, plaintiffs submitted the instant motion, which details plaintiffs' objections, within only five business days of the Clerk of Court's issuing the Bill of Costs. Therefore, defendants cannot – and, in fact, do not – claim that they have been prejudiced by plaintiffs' delay. For these reasons, the Court will address plaintiffs' motion on the merits. *See Brodie v. Pressley*, No. 95 Civ. 1197, 1999 U.S. Dist. LEXIS 13768, at *3 (S.D.N.Y. Sept. 7, 1999) (finding that plaintiff's failure to file timely objections pursuant to Local Rule 54.1 should be excused); *Lewis v. Keane*, No. 96 Civ. 3867, 1998 U.S. Dist. LEXIS 7652, at *6 (S.D.N.Y. May 26, 1998) (same).

[2] This language became effective on December 1, 2007. Prior to that date (and at the time plaintiffs' motion was filed), the Rule provided: "Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." However, the Court concludes that the change in language was not substantive and, thus, Second Circuit case law interpreting the prior language is equally applicable to the current Rule. *See* Advisory Committee's Notes on 2007 Amendments to Fed. R. Civ. P. 54 ("The language of Rule 54 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only.").

party is the normal rule obtaining in civil litigation, not an exception. . . . For this reason, the losing party has the burden to show that costs should not be imposed. . . ." *Whitfield v. Scully*, 241 F.3d at 270 (citation omitted); *see also Cosgrove*, 191 F.3d at 101 ("Fed. R. Civ. P. 54(d) grants costs to a prevailing party as a matter of course in the absence of a countervailing statute or rule, unless the trial judge directs otherwise."); *Zacharowicz v. Nassau Health Care Corp.*, No. 02-CV-4510, 2007 U.S. Dist. LEXIS 20946, at *4-*5 (E.D.N.Y. Mar. 22, 2007) ("After the prevailing party demonstrates the amount of its costs and that they fall within an allowable category of taxable costs, that party enjoys a presumption that its costs will be awarded."). "[F]or example, costs may be denied because of misconduct by the prevailing party, the public importance of the case, the difficulty of the issues, or the losing party's limited financial resources." *Whitfield*, 241 F.3d at 270. Here, therefore, plaintiffs bear the burden of showing that defendants, as the prevailing party, are not entitled to the costs taxed by the Clerk of Court. However, for the reasons set forth below, the Court finds that the arguments plaintiffs present in their motion papers, including that plaintiffs brought this action in good faith and the disparity between the City's resources and plaintiffs' resources, do not meet this burden.

(1) Good Faith

The Court is unpersuaded by plaintiffs' argument that their purported good faith in bringing the instant action should exempt them from taxation of costs. Specifically, plaintiffs argue that the Bill of Costs "would appear to be the dictionary definition of inequitable," in part because "Christopher Sylla and Andrew Glasgow, two entirely innocent teenagers who were the victims of an accusation based upon mistaken identity, lost three years of their youth living in the shadow of a felony prosecution." (Motion at 1.) As a threshold matter, the question of plaintiffs' innocence remains in dispute. As the Court noted in the August 17 Memorandum and Order, because the criminal cases against plaintiffs were dismissed only when the complaining witness failed to appear at Family Court to testify, these dismissals "fail[] to demonstrate the innocence of plaintiffs. . . ." (August 17 Memorandum and Order at 14.) Moreover, apart from the issue of innocence, the foundation of this civil rights action was extremely weak because it was certainly clear after discovery (if not from the commencement of the lawsuit) that plaintiffs Christopher Sylla and Andrew Glasgow were arrested because a crime victim, with no prior relationship to them, called the police and identified them as the individuals who violently threatened and robbed him.[3] As the Court noted in the August 17 Memorandum and Order granting defendants' motion for summary judgment in its entirety, there was no factual or legal basis for plaintiffs' claims.[4] However, the Court

---

[3] The full details of the events surrounding plaintiffs' claims and the Court's legal analysis are contained in the August 17 Opinion and Order in connection with defendants' motion for summary judgment.

[4] By letter dated August 30, 2007, the City Defendants stated their intention to move for sanctions against plaintiffs' counsel on the grounds that the attorney allegedly did the following: "(1) unreasonably expanded the proceedings in this action so as to impose unnecessary costs to the City of New York; (2) failed to investigate the allegations of the Complaint before filing suit; and (3) pursued meritless claims under the governing case law . .

4

has not made any finding of bad faith by plaintiffs and, thus, for purposes of the costs issue, is assuming that plaintiffs acted in good faith. Nevertheless, the Second Circuit has held that "good faith and the absence of frivolous claims, by themselves, do not require a district court to deny costs, let alone require an appellate court to vacate a district court's award of costs." *Whitfield*, 241 F.3d at 272; *see also Cosgrove*, 191 F.3d at 101 ("In her objection to the bill of costs, Plaintiff contends that because her Title VII claims against Defendant were not 'useless, baseless or frivolous,' the assessment of costs against her was erroneous. We disagree."); *Commer v. McEntee*, No. 00 Civ. 7913, 2007 U.S. Dist. LEXIS 59298, at *6-*7 (S.D.N.Y. Aug. 13, 2007) ("'Good faith by itself does not require a district court to deny costs, since all parties to a federal action have an obligation to act in good faith.'") (quoting *DeJesus v. Starr Tech. Risks Agency, Inc.*, No. 03 Civ. 1298, 2005 U.S. Dist. LEXIS 7152, at *5 (S.D.N.Y. Apr. 25, 2005)). In the instant case, plaintiffs' good faith in pursuing this lawsuit is insufficient, when considered in conjunction with all of the factors, to warrant vacating the costs.

(2) Disparity of Resources Between Plaintiffs and the City

The Court also finds unavailing plaintiffs' argument that because they are "low-income,

---

. and subsequently failed and refused to withdraw those claims in response to Defendants' safe harbor letter and evidence gathered in discovery that cast doubt on plaintiffs' claims." (Defendants' Letter, dated August 30, 2007, at 2.) However, after a pre-motion conference with the Court, the City Defendants decided not to bring the motion. (*See* Defendants' Letter, dated September 14, 2007.)

hardworking people," they should not have to pay costs to the City of New York, "which has a $59 billion annual budget." (Motion at 1.) As the Court noted *supra*, district courts may take into account the "losing party's limited financial resources" in determining whether to vacate a Bill of Costs. *Whitfield*, 241 F.3d at 269. However, as a threshold matter, plaintiffs have not made a showing of indigency or limited financial resources, but merely argue that the Bill of Costs is unfair in light of the budget of the City of New York. Indeed, even though defendants pointed out in their opposition papers that plaintiffs' apparent claim of limited financial resources was merely conclusory (*see* Defs.' Opp. at 2-3), plaintiffs failed to provide any evidence of their financial resources in their reply papers. In light of the fact that "costs are routinely imposed on parties who have made some showing of indigency," *Ne. Holdings*, 2007 U.S. Dist. LEXIS 56897, at *6, plaintiffs' conclusory argument here regarding limited financial resources is insufficient to deny an award of costs. *See id.* (denying plaintiff's motion to set aside award of costs based on indigence because plaintiff's showing of indigence was insufficient); *Nazaire v. Maboyoje*, No. 04-CV-1415, 2006 U.S. Dist. LEXIS 74004, at *4-*5 (E.D.N.Y. Oct. 11, 2006) (refusing to reverse award of costs because "plaintiff has failed to offer any proof of financial hardship, much less indigency"); *Glucover v. Coca-Cola Bottling Co. of N.Y., Inc.,* No. 91 Civ. 6331 (PKL), 1996 WL 1998, at *2 (S.D.N.Y. Jan. 3, 1996) (denying request to vacate costs where, among other things, "plaintiff does not provide any documentary support for her indigency, but rather relies solely on her affidavits"). As one court noted in finding award of costs was proper:

> While indigency may exempt a party from the payment of

costs in some circumstances, . . . indigency does not render a party immune from the general obligation to pay. . . . Here, plaintiffs do not even assert actual indigency; indeed, plaintiffs have retained two attorneys during the course of this action. Rather, plaintiffs simply assert that they cannot afford the costs. Plaintiffs' nine-word assertion in a dependent clause in the last sentence of their brief is insufficient to support a denial of costs, especially given the Court's obligation to articulate reasons for a denial based on indigency, . . . and the lack of documentation supporting the assertion. . . .

*Hickey v. City of New York,* No. 01 Civ. 6506 (GEL), 241 F.R.D. 150, 154 (S.D.N.Y. Aug. 14, 2006) (citations omitted).

Further, even assuming *arguendo* indigency were demonstrated in this case, the Court does not believe, in its discretion, given the circumstances of this case, that it would warrant denying costs. Although "[a]s a general matter a district court may deny costs on account of a losing party's indigency. . . indigency *per se* does not automatically preclude an award of costs." *Whitfield*, 241 F.3d at 270; *see also Karmel v. City of New York,* No. 00-CV-9063 (KMK), 2008 WL 216929, at *2 (S.D.N.Y. Jan. 9, 2008) ("[T]he Court will consider the financial disparity between the Parties as a factor in the Court's determination, but a claim of financial disparity alone will not satisfy Plaintiff's burden of showing that costs should not be awarded."); *Commer*, 2007 U.S. Dist. LEXIS 59298, at *7 ("[A] district court may consider whether the imposition of costs would impose a 'financial hardship,' but even indigence per se 'does not preclude an award of costs against an unsuccessful litigation.'") (quoting *Whitfield*, 241 F.3d at 272-73). Thus, even assuming *arguendo* that the Bill of Costs posed a financial hardship to plaintiffs, the Court is not required to deny plaintiffs costs on this ground alone. In particular, in the context of this case (including the amount of costs being considered) and plaintiffs' failure to elucidate a sufficient basis to deny costs after considering all of the factors, the Court will not exercise its discretion to deny costs to defendants on the basis of plaintiffs' purported limited financial resources. *See, e.g., Wray v. City of New York,* No. 01 Civ. 4837 (BMC) (RER), 2007 WL 2908066, at *1 (E.D.N.Y. Oct. 4, 2007) ("It is thus not too much to ask any litigant, whether in a civil rights case or otherwise, to appreciate his possible exposure for a relatively small amount of costs in making the decision whether to commence litigation in a federal court."); *Glucover,* 1996 WL 1998, at *3 ("[T]he reasonable goal of requiring indigent litigants to assess the relative merits and risks of litigation would be thwarted if indigency alone were always sufficient to support the instant motion.").

In sum, after conducting a *de novo* review of the issue and considering all of the factors (including plaintiffs' claims of good faith and the financial disparity between the parties), the Court concludes in its discretion that an award of costs is warranted in this case. The Court will now turn to the plaintiffs' objections to the nature and amount of costs being awarded.

## B. Plaintiffs' Depositions

Although plaintiffs argue that the Court should vacate that portion of the Bill of Costs pertaining to plaintiffs' depositions because the Court "relied exclusively on the deposition testimony of the police officer defendants and the complaining witness" for purposes of the August 17 Memorandum and Order (Pls.' Motion at 2), the Court finds plaintiffs' contention unpersuasive. Local Rule 54.1 states that costs for depositions are taxable "if they were used by the court in ruling on a motion for summary judgment or other dispositive motion. Costs for depositions taken solely for discovery are not taxable." Local Rule 54.1(c). Here, contrary to plaintiffs' claim, the Court explicitly "used" each of plaintiffs' depositions in the August 17 Memorandum and Order. (*See, e.g.,* August 17 Memorandum and Order at 4 (citing deposition of Delphine Pierre reflected in defendants' 56.1 statement); *id.* (citing deposition of Colleen Glasgow reflected in defendants' 56.1 statement); *id.* at 8 (quoting deposition of Andrew Glasgow); *id.* (quoting deposition of Christopher Sylla).).

Moreover, in interpreting Local Rule 54.1, the Second Circuit distinguishes between "depositions submitted in conjunction with a motion for summary judgment, on the one hand, and purely investigative depositions never actually submitted to the court for its use, on the other." *Whitfield*, 241 F.3d at 271. With respect to the former category of depositions, the Second Circuit has pointed out that "the filing of a deposition transcript necessarily means a court will 'use' it, since summary judgment may be granted only 'if the pleadings, *depositions*, answers to interrogatories, and admissions *on file*, . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' *Id.* (quoting Fed. R. Civ. P. 56(c)) (emphases in original). Here, the parties submitted plaintiffs' deposition testimony to the Court and the Court "used" this testimony in granting summary judgment. Thus, in light of the Second Circuit's interpretation of Local Rule 54.1, as well as the Court's explicit references to plaintiffs' depositions (or references to defendants' Rule 56.1 statement reflecting plaintiffs' depositions) in the August 17 Memorandum and Order, the Court rejects plaintiffs' argument that they should not be taxed costs for plaintiffs' depositions. *See Nazaire*, 2006 U.S. Dist. LEXIS 74004, at *2 (rejecting plaintiff's claim that court did not "use" depositions, even though they were not cited in court's grant of summary judgment, because "Second Circuit has expressly rejected the claim that 'used' merely means 'cited'" in Rule 54.1) (quoting *Whitfield*, 241 F.3d at 271).

## C. Transcript Photocopies

With respect to the issue of deposition transcript photocopies, the Court requires additional information in order to arrive at a conclusion. Plaintiffs and defendants agree that Local Rule 54.1(c)(2) permits the taxation of costs only on "the original transcript of a deposition, plus one copy." (Pls.' Motion at 2; Defs.' Opp. at 4.) Thus, plaintiffs object to the invoices' reflecting charges for an original transcript "+ two [photocopied] transcripts." According to defendants, the Clerk of Court stated during the September 25 telephone conference that the court reporting company provides the second photocopy reflected in the

invoices for free.[5] (Defs.' Opp. at 4.) However, because of the ambiguity on the face of the invoice on this issue, the Court requires documentary evidence to substantiate defendants' claim and rule on plaintiffs' objection *de novo*. Specifically, the Court directs defendants to provide documentary evidence to the Court from the court reporting company, by April 22, 2008, confirming that the invoices only reflect charges for an original transcript and a single photocopy.

IV. CONCLUSION

In sum, in its discretion, Court finds that an award of costs to defendants is appropriate under Rule 54(d)(1) and Local Rule 54.1. Thus, the Court denies plaintiffs' motion except for that portion of the motion relating to the issue of whether there was any extra charge for second transcript photocopy, which the Court will decide upon receipt of additional documentation from defendants. With respect to this issue, the Court orders defendants to provide documentary evidence from the court reporting company to the Court, by April 22, 2008, confirming that the invoice only reflects a charge for an original transcript and a single photocopy.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: April 9, 2008
Central Islip, New York

\* \* \*

The attorney for plaintiffs is Rose M. Weber, Esq., Law Offices of Jon L. Norinsberg, 225 Broadway, Suite 1608, New York, New York 10007. The attorney for defendants is Michael A. Cardozo, Corporation Counsel of the City of New York, by David M. Hazan, Esq., New York City Law Department, 100 Church Street, New York, New York 10006.

---

[5] Specifically, defendants noted the following: "[A]t the Rule 54 conference with the Clerk of the Court, Clerk Robert C. Heinemann explained to Ms. Weber that court reporting companies routinely provide customers with an extra copy of the transcript for free. Based upon Mr. Heinemann's experience in dealing with these applications, he agreed with defendants that the amount charged per page by the Court reporting company and the total cost of the transcripts was the standard cost for the purchase of an original transcript plus one copy. Mr. Heinemann further held that the additional copy noted on the transcript was provided to defendants for free." (Defs. Opp. at 4.)